**IN THE COURT OF APPEALS OF IOWA**

No. 25-0728
Filed September 4, 2025

**IN THE INTEREST OF D.W. and G.W.,**
**Minor Children,**

**B.B., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Brent Pattison, Judge.


        The mother appeals the termination of her parental rights to two children.
**AFFIRMED.**


        Teresa M. Pope of Pope Law, PLLC, Des Moines, for appellant mother.

        Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney

General, for appellee State.

        Jami J. Hagemeier of Youth Law Center, Des Moines, attorney and

guardian ad litem for appellee minor children.


        Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**GREER, Judge.**

The juvenile court terminated the mother's parental rights to G.W. (born in 2019) and D.W. (born in 2023) pursuant to Iowa Code section 232.116(1)(f) and (h) (2024), respectively.[1]  The mother appeals, arguing (1) the Iowa Department of Health and Human Services failed to make reasonable efforts to reunify her with the children; (2) the State did not prove the statutory grounds for termination because the children could have been returned to her custody at the time of the termination trial; (3) alternatively, she should be given more time to work toward reunification; (4) termination of her parental rights is not in the children's best interests; and (5) the juvenile court should have applied a permissive exception to save the parent-child relationships.

As the mother recognized during her testimony at the termination trial, G.W. and D.W. could not be returned to her custody because they could not live with her at the sober living home where she resided.  Plus, the mother had not achieved long-term sobriety or shown that she could be successful outside of a structured residential program.  Giving the mother more time to work toward reunification is not in G.W.'s or D.W.'s best interests, especially when we consider the trauma the juvenile court described that impacted her relationship with G.W. and safety concerns related to both children.  Both children were legally removed from parental custody for more than two years before the end of the termination trial in February 2025.  By then, G.W. generally did not want to attend visits with the mother, and D.W.—who was removed at birth—had never lived with the mother.

---

[1] The father's parental rights were also terminated; he does not appeal.

Neither child should have to wait longer for a safe, permanent home. *See In re J.E.*, 723 N.W.2d 793, 801 (Iowa 2006) (Cady, J., concurring specially) ("A child's safety and need for a permanent home are now the primary concerns when determining a child's best interests.").

Using de novo review, *see id.* at 798, we carefully examined the record, the briefs of the parties, and the juvenile court's lengthy, fact-intensive, and thorough ruling. We approve of the reasons and conclusions in the termination order and determine a full opinion would not augment or clarify existing case law. *See* Iowa Ct. R. 21.26(1)(d), (e). We affirm without further opinion.

**AFFIRMED.**